# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OTTO PAXTON<br>　　　　　　　Petitioner,<br><br>　　　　v.<br><br>THERESA DELBALSO, *et al.*<br>　　　　　　　Respondents. | CIVIL ACTION NO. 19-5339 |

## ORDER

On April 27, 2012, Petitioner was convicted of possession of a firearm by a prohibited person, possession of a firearm with an altered manufacturer number, and possession of prohibited offensive weapons.[1] In August 2012, Petitioner was sentenced to 12 1/2 to 25 years of imprisonment.[2] The Superior Court affirmed Petitioner's conviction, and Petitioner did not seek review with the Pennsylvania Supreme Court.[3] Petitioner filed a petition under Pennsylvania's Post Conviction Relief Act on May 16, 2016, and was subsequently appointed counsel.[4] On November 5, 2018, the PCRA court dismissed his petition, which was affirmed by the Superior Court on October 16, 2019.[5] Petitioner did not seek review with the Pennsylvania Supreme Court.

---

[1] *Commonwealth v. Paxton*, No. CP-09-CR-231-2012, 2015 WL 13842736, at *1 (Pa. Com. Pl. Bucks Apr. 21, 2015).

[2] *Id.*

[3] *Commonwealth v. Paxton*, 144 A.3d 186 (Pa. Super. 2016) (Table).

[4] *See Commonwealth v. Paxton*, No. 17 EDA 2019, 2019 WL 5212424, at *2 (Pa. Super. Ct. Oct. 16, 2019).

[5] *See id.* at *2-3.

Petitioner now seeks federal habeas relief, arguing that (1) there was insufficient evidence to support his weapons convictions, (2) his sentence was unconstitutionally excessive, (3) his trial counsel was ineffective, and (4) his PCRA proceeding violated due process.[6] As explained in the Report and Recommendation of United States Magistrate Judge Timothy R. Rice,[7] Petitioner fails to show that the Superior Court's rulings were "contrary to, or involved an unreasonable application of, clearly established Federal law[,]" or that they were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8] Further, to the extent that Petitioner argues that his "post-conviction proceeding violated due process" because counsel was dismissed after filing a "no-merit" letter, his claim is non-cognizable, as Petitioner does not have a right to counsel during the PCRA appeal process.[9]

**AND NOW,** this 12th day of January 2023, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation of Magistrate Judge Rice, to which no objections were filed, it is hereby **ORDERED** that:

1. The Report and Recommendation [Doc. No. 9] is **APPROVED** and **ADOPTED**;
2. The Petition for Writ of Habeas Corpus [Doc. No. 3] is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

---

[6] *See* Habeas Pet. [Doc. No. 3] at 8-15.

[7] *See* R. & R. Apr. 24, 2020 [Doc. No. 9].

[8] 28 U.S.C. § 2254(d).

[9] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *see Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings.").

3. There is no probable cause to issue a certificate of appealability;[10] and

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[10] There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).